## Case No. 6,833.

### HUDSON v. BRADLEY et al.

[2 Cliff. 130.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1862.

PAYMENT—PRESUMPTION—PROMISSORY NOTE.

1. Where a party in Massachusetts, bound to the payment of a simple contract debt, gives his own promissory note for the debt, the presumption, in the absence of any proof to the contrary, is, that such note was accepted by the creditor in satisfaction and discharge of the pre-existing debt.

[Cited in The Helen M. Pierce, Case No. 6,- 332.]

[Cited in Bantz v. Basnett, 12 W. Va. 785.]

2. Such presumption is, however, one of fact only, and may be rebutted and controlled by any evidence showing that such was not the intention of the parties.

3. If it appear that the note was not the obligation of all the parties who were liable for the original debt, and a fortiori, where it appears that the note was that of a third party, and if held to be in satisfaction, would wholly discharge the party previously liable, then the presumption, if it exists at all, may be repelled by slight circumstances evidencing a contrary intention.

[Appeal from the district court of the United States for the district of Massachusetts.]

The libellant [Joseph Hudson], a sail maker, furnished to the bark America materials and labor in making and repairing her sails, and payment being refused, he instituted this suit against the owners of the vessel, to recover his bill for the materials and labor furnished. It was alleged in the libel that he furnished the materials, and rendered the services during the year 1859; that he had repeatedly requested payment for the same, which had been refused. The respondents [Thomas Bradley and others] in their answer admitted that the vessel, while lying in the port of Mattapoisett, was in need of such repairs, and that their agent contracted with the libellant to furnish such labor and materials; but they denied that any demand of payment was ever made of them. They further alleged that the libellant received of their agent certain promissory notes, and accepted the same in payment of his account to the extent of the notes so received, and two receipts were appended to the answer as proof of the fact so alleged. Of these, the first was dated January 24, 1860, and acknowledged the receipt of two notes, "for and on account of vessel's bills." Those notes were signed by the agent who contracted for the repairs, and were each for $1,000. One was dated January 21, 1860, and was payable in six months; the other January 24, 1860, and payable in four months. The second receipt was dated April 30, 1860; was for a note of the agent of the same date with the receipt, for $1,000 on account, and was payable in six months from date. By

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

a supplemental answer the respondents also alleged, that they had adjusted and paid to their agent all the outfit bills of the vessel, including the claim of the libellant, and they averred that they ought not to be required again to pay the same. It was agreed, that the account annexed to the libel was correct, and that the receipts annexed to the answer were executed by the libellant, so that the question was, whether the notes specified in the receipts were accepted as payment to that amount. It was also agreed, that the note mentioned in the second receipt was never paid, and the case showed that it had been duly tendered back to be cancelled. The agreed statement also showed, that half the amount of the notes described in the first receipt was paid by the agent who gave the same, at maturity, and that two other notes, each for the sum of $500, were given by him as an extension of the time of payment. One of the renewed notes was dated May 26, 1860, and the other July 23, in the same year, and each was payable to the order of the libellant, in four months from date. Neither of the notes was ever paid, and both were, at the hearing, tendered back to be cancelled. The first-mentioned notes were indorsed by the libellant, were discounted at bank, and it appeared that he used the proceeds in his business. The renewed notes were also indorsed by him; and being liable therefor, as indorser, he was ultimately obliged to pay them, after protest. He also indorsed and negotiated the note, described in the second receipt, but this he was also obliged to pay his indorsee, at maturity, it being protested for non-payment. No demand of payment of the claim, prior to January 1, 1862, was made of the respondents, otherwise than of their agent, who made the contract for the repairs; and the case showed that on July 28, 1860, the agent died insolvent. In the court below a decree was entered in favor of the libellant.

T. D. Eliot and T. M. Stetson, for libellants.

The respondents say, that their agent gave the plaintiff certain promissory notes, which they claim were a payment, though the notes have not been paid and are now offered back by libellant. That is to say, libellant must lose his property and labor, which went to the respondents' use and benefit, and enabled them to send their vessel on a profitable enterprise. The respondents must prove that the notes were given and received as payment; to do this, they claim that the notes by law constituted payment. This is not pretended to be the case anywhere but in Massachusetts and Maine. Page v. Hubbard [Case No. 10,663]; The Chusan [Id. 2,717]; Fowler v. Bush, 21 Pick. 230; Cushing v. Wyman, 38 Me. 589. Elsewhere the note is only conditional payment; i. e. payment if the note is paid. Arnold v. Delano, 4 Cush. 39. In Maine and Massachusetts the decisions are not rules of law, but only presumptions of fact. The lex loci usually governs, as to the nature, validity, and construction of a contract, but the lex fori as to the remedy. Van Reimsdyk v. Kane [Case No. 16,871]. It is the old distinction between "facts" and ascertainment of facts, rights, and remedies. 2 Pars. Cont. 100–104; Andrews v. Herriot, 4 Cow. 508; Bank of U. S. v. Donally, 8 Pet. [33 U. S.] 361. Besides, it has been held by the supreme court, that in "commercial questions, the general law governs, and not the local, in the admiralty courts of the United States." Swift v. Tyson, 16 Pet. [41 U. S.] 1; Mutual Safety Co. v. The George [Case No. 9,981]. It is distinctly held, both in Massachusetts and Maine, that the note is not a payment and that the presumption is repelled, where there are co-promissors or security to the original claim, because it would be absurd to presume that a person would release them, especially so, in a case like this, where a mechanic is presumed to rely upon the usual securities of a material-man. Melledge v. Boston Iron Co., 5 Cush. 170; Fowler v. Ludwig, 34 Me. 461; Page v. Hubbard [supra]; Curtis v. Hubbard, 9 Metc. [Mass.] 328; Arnold v. Delano, 4 Cush. 41; Thurston v. Blanchard, 22 Pick. 21; Butts v. Dean, 2 Metc. [Mass.] 76; 1 Pars. Mar. Law, 93; 2 Pars. Cont. 136; Palmer v. Priest [Case No. 10,694]; Baker v. Draper [Id. 766]. If there has been any wrong or misapprehension, the presumption of payment arising from giving a note is repelled. See Thurston v. Blanchard, 22 Pick. 18. It makes no difference that the libellant indorsed and negotiated the notes, since he had to pay them at last, and he now offers them back. The Chusan [supra]; Melledge v. Boston Iron Co., 5 Cush. 172; The Harriet [Case No. 6,098]; Drake v. Mitchell, 3 East, 251; Byles, Bills, 435, c. 29; Sweet v. James, 2 R. I. 270; Moore v. Newbury [Case No. 9,772]; Kimball v. The Anna Kimball [Id. 7,772]. Slight evidence is sufficient to rebut the presumption, that notes were given and received as payment. The delay of the libellant in making demand on the owners, was no evidence that the notes were taken as payment; it rather showed that he thought his demand was admitted.

R. C. Pitman and C. T. Bonney, for respondents and appellants.

The contract in question was made in Massachusetts by citizens of that state, and so the law of Massachusetts must control the case. Baker v. Draper [supra]; The Chusan [supra]; Palmer v. Priest [supra]. By express decisions of her courts, the receipt of a negotiable promissory note is, in Massachusetts, prima facie payment of a pre-existing debt. Thacher v. Dinsmore, 5 Mass. 300; Maneely v. M'Gee, 6 Mass. 143; Johnson v. Johnson, 11 Mass. 361; Whitcomb v. Williams, 4 Pick. 230; Reed v. Upton, 10 Pick. 522; Jones v. Kennedy, 11 Pick. 130; Wood v. Bodwell, 12 Pick. 268; Butts v. Dean, 2 Metc. [Mass.] 76; Ilsley v. Jewett, Id. 173; Rindge v. Breck, 10 Cush. 44; Parker v. Os-

good, 4 Gray, 456; Derickson v. Whitney, 6 Gray, 250; Newall v. Hussey, 18 Me. 250; Dickinson v. King, 28 Vt. 380; Collamer v. Langdon, 29 Vt. 32. The presumption exists, although some of the parties liable, or some security is released. Fowler v. Bush, 21 Pick. 230; Rindge v. Breck, 10 Cush. 44. And so it has been expressly decided, that taking the note of one of the owners releases the others. Chapman v. Durant, 10 Mass. 47; French v. Price, 24 Pick. 13, 20; Paige v. Stone, 10 Metc. [Mass.] 160; Stephens v. Thompson, 28 Vt. 77; The Nestor [Case No. 10,126]. The renewal notes were payment of the prior note. Cornwall v. Gould, 4 Pick. 444; 1 Smith, Lead. Cas. (5th Ed.) 458; Castleman v. Holmes, 4 J. J. Marsh. 1; Slaymaker v. Gundacker, 10 Serg. & R. 75. There is nothing in proof to rebut the legal presumption of payment. But the legal presumption is strengthened by several circumstances in proof. The libellant was a citizen of this state, and there is a presumption of fact as well as law, that he knew the long-established Massachusetts doctrine. The libellant negotiated both notes. The delay in making claim on the other owners is plenary evidence of the libellant's understanding. Libellant by his laches is estopped from denying that he gave exclusive credit to the agent. The other owners settled with the agent upon this understanding. Macy v. De Wolf [Case No. 8,933]; James v. Bixby, 11 Mass. 34, 41; Tudor v. Whiting, 12 Mass. 212; Reed v. White, 5 Esp. 122; Evans v. Drummond, 4 Esp. 89; Wyatt v. Hertford, 3 East, 147; Kymer v. Suwercropp, 1 Camp. 109; Thompson v. Percival, 5 Barn. & Ald. 925; Palmer v. Priest [supra]; 1 Pars. Mar. Law, 99; Story, Ag. §§ 249, 439; Abb. Shipp. 136, note. If he had called on us while the agent lived, we might have had reimbursement. Now his estate is insolvent. Libellant, for his own interest probably, chose to indulge the agent for years. He, and not we, should suffer.

CLIFFORD, Circuit Justice. Evidently the question of payment is the only one of any importance in the case. Where a party in this state, who is bound to the payment of a simple contract debt, gives his own promissory note for the debt, the presumption, in the absence of any proof to the contrary, is, that such note was accepted by the creditor in satisfaction and discharge of the pre-existing debt, but such a presumption is one of fact only, and may be rebutted and controlled by any evidence showing that such was not the intention of the parties. Taking the rule as stated, it is supported by many decisions in this state, but it is now generally admitted, wherever this rule prevails, that when it appears that the note was not the obligation of all the parties who were liable for the original debt, and a fortiori, when it appears that the note was that of a third party, and if held to be in satisfaction, would wholly discharge the party previously liable, the presumption, if it exist at all, may be repelled by slight circumstances evidencing a contrary intention. Melledge v. Boston Iron Co., 5 Cush. 169.

Courts of justice here and in Maine adhere to the rule, as herein stated, in cases where the party accepting the new evidence of the debtor's promise relinquishes no security for the payment of the debt; but wherever the contrary appears, the manifest tendency of the modern decisions is, to regard that circumstance as affording strong evidence to repel the prima facie presumption. Many of the ordinary circumstances, which, as it is held, may have the effect to repel such a presumption are enumerated by Shepley, C. J., in Fowler v. Ludwig, 34 Me. 461, which was referred to by the libellant. He says, if the negotiable paper was accepted in ignorance of the facts, or under a misapprehension of the rights of the parties, it has been held, that the presumption might be considered as rebutted. French v. Price, 24 Pick. 13. So if the paper accepted is not binding upon all the parties previously liable, or if the paper of a third person be received not expressly in payment, the presumption may be considered as repelled.

Applying the qualifications to the general rule adopted in those cases, to the facts of this case, it is clear, that the defence cannot prevail for several reasons. Evidence to show that the notes were received expressly in payment is entirely wanting. On the contrary, the clear presumption from the language of the receipts, especially when considered in connection with the circumstances of the transaction, is that they were not so received. The contract was made by the maker of the notes as agent, and that fact was known to the libellant, as is evident from the manner in which the charges were made for the articles sold and services rendered. No settlement was made when the notes were accepted, and the account was not receipted. Funds were wanted by the libellant, but the agent had none belonging to his principals, and proposed to give his own notes, in a form that would enable the libellant to raise money at the banks. Time notes were accordingly made, without interest, and delivered by the agent to the libellant, but he did not then charge the same to his principals; and the whole transaction on its face shows that the notes were given as a temporary accommodation to the libellant, and not as an absolute payment of the debt.

Circumstances are wholly wanting to show that either party intended to discharge the respondents, and it is their own fault if they have paid the amount to their agent instead of discharging their own obligation.

Cases involving the same conditions as those presented in this case, have so frequently received examination in this court, that it is not deemed necessary to give the subject any further investigation. The decree of the district court is, therefore, affirmed, with costs.